ORIGINAL

JUDGE ABRAMS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
: 
UNITED STATES OF AMERICA        :    **SEALED INDICTMENT**
:
    - v. -                    :    21 Cr.
:
NILOUFAR BAHADORIFAR,           :    **21 CRIM 430**
   a/k/a "Nellie,"              :
:
                 Defendant.     :
:
- - - - - - - - - - - - - - - - - x

**COUNT ONE**

(Conspiracy to Violate the
International Emergency Economic Powers Act)

The Grand Jury charges:

**The International Emergency Economic Powers Act**

    1.    The International Emergency Economic Powers Act ("IEEPA"), codified at Title 50, United States Code, Sections 1701 to 1708, confers upon the President authority to deal with unusual and extraordinary threats to the national security and foreign policy of the United States. Section 1705 provides, in part, that "[i]t shall be unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of any license, order, regulation, or prohibition issued under this title." 50 U.S.C. § 1705(a).

    2.    Beginning with Executive Order No. 12170, issued on November 14, 1979, the President has found that "the

situation in Iran constitutes an unusual and extraordinary threat to the national security, foreign policy and economy of the United States" and declared "a national emergency to deal with that threat."

### The Iranian Transactions and Sanctions Regulations

3. On March 15 and May 6, 1995, the President issued Executive Orders Nos. 12957 and 12959, prohibiting, among other things, the exportation, reexportation, sale, or supply, directly or indirectly, to Iran of any goods, technology, or services from the United States or by a United States person, and on August 19, 1997, issued Executive Order No. 13059 clarifying the previous orders (collectively, the "Executive Orders"). The Executive Orders authorized the United States Secretary of the Treasury to promulgate rules and regulations necessary to carry out the Executive Orders. Pursuant to this authority, the Secretary of the Treasury promulgated the Iranian Transactions Regulations (renamed in 2013 the Iranian Transactions and Sanctions Regulations, or "ITSR"), implementing the sanctions imposed by the Executive Orders.

4. Title 31, Code of Federal Regulations, Section 560.204 of the ITSR prohibits, among other things, the exportation, reexportation, sale, or supply, directly or indirectly, from the United States, or by a United States person, of goods, technology, or services to Iran or the

Government of Iran (with certain limited exceptions), including the exportation, reexportation, sale, or supply of goods, technology, or services to a third country knowing that such goods, technology, or services are intended for Iran or the Government of Iran, without a license from the U.S. Department of Treasury, Office of Foreign Assets Control ("OFAC").

5.   The ITSR provide that the transfer of funds, directly or indirectly, from the United States or by a U.S. person to Iran or the Government of Iran is a prohibited export, reexport, sale, or supply of services to Iran or the Government of Iran.  See 31 C.F.R. § 560.427(a).

6.   The ITSR further prohibit transactions that evade or avoid, have the purpose of evading or avoiding, cause a violation of, or attempt to violate the ITSR.  See 31 C.F.R. § 560.203.

### Statutory Allegations

7.   From at least in or about 2015, up to and including in or about 2021, in the Southern District of New York and elsewhere, NILOUFAR BAHADORIFAR, a/k/a "Nellie," the defendant, and others known and unknown, knowingly and willfully combined, conspired, confederated, and agreed together and with each other to violate, and to cause a violation of, licenses, orders, regulations, and prohibitions issued under the IEEPA.

8. It was a part and an object of the conspiracy that NILOUFAR BAHADORIFAR, a/k/a "Nellie," the defendant, and others known and unknown, would and did provide and cause others to provide services to Iran and to the Government of Iran from the United States and by U.S. persons, without first obtaining the required approval of OFAC, and to evade the requirements of U.S. law with respect to the provision of services to Iran and to the Government of Iran from the United States and by U.S. persons, in violation of Executive Order Nos. 12959, 13059, and 13224; Part 31 of the Code of Federal Regulations, Sections 560.203, 560.204, and 560.205; and Part 31 of the Code of Federal Regulations, Sections 594.201, 594.204, and 594.205.

(Title 50, United States Code, Section 1705;
Executive Orders 12959 & 13059; Title 31, Code of Federal
Regulations, Sections 560.203, 560.204, & 560.205.)

### COUNT TWO

### (Conspiracy to Commit Bank and Wire Fraud)

The Grand Jury further charges:

9. From at least in or about 2015, up to and including in or about 2021, in the Southern District of New York and elsewhere, NILOUFAR BAHADORIFAR, a/k/a "Nellie," the defendant, and others known and unknown, knowingly and willfully combined, conspired, confederated, and agreed together and with each other to commit bank fraud, in violation of Title 18,

4

United States Code, Section 1344, and wire fraud, in violation of Title 18, United States Code, Section 1343.

10. It was a part and an object of the conspiracy that NILOUFAR BAHADORIFAR, a/k/a "Nellie," the defendant, and others known and unknown, would and did knowingly and willfully execute and attempt to execute a scheme or artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation ("FDIC"), in violation of Title 18, United States Code, Section 1344.

11. It was further a part and an object of the conspiracy that NILOUFAR BAHADORIFAR, a/k/a "Nellie," the defendant, and others known and unknown, would and did knowingly and willfully execute and attempt to execute a scheme or artifice to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of a financial institution, the deposits of which were then insured by the FDIC, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

12. It was further a part and an object of the conspiracy that NILOUFAR BAHADORIFAR, a/k/a "Nellie," the defendant, and others known and unknown, would and did, having devised and intending to devise a scheme or artifice to defraud, and for obtaining money and property by means of false and

fraudulent pretenses, representations, and promises, transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme or artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

### COUNT THREE

### (Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

13. From at least in or about 2015, up to and including in or about 2021, in the Southern District of New York and elsewhere, NILOUFAR BAHADORIFAR, a/k/a "Nellie," the defendant, and others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

14. It was a part and an object of the conspiracy that NILOUFAR BAHADORIFAR, a/k/a "Nellie," the defendant, and others known and unknown, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds to places in the United States from and through places outside the United States, and to places outside the United States from and through places in the United

6

States, in amounts exceeding $10,000, with the intent to promote the carrying on of specified unlawful activity, to wit, (a) the conspiracy to illegally export services to Iran as charged in Count One of this Indictment, and (b) bank and wire fraud, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

(Title 18, United States Code, Section 1956(h).)

## COUNT FOUR

### (Structuring)

The Grand Jury further charges:

15. From at least in or about 2019, up to and including in or about 2021, in the Southern District of New York and elsewhere, NILOUFAR BAHADORIFAR, a/k/a "Nellie," the defendant, for the purpose of evading a cash transaction reporting requirement, did structure and assist in structuring, and attempt to structure and assist in structuring, transactions with one or more domestic financial institutions while violating another law of the United States and as part of a pattern of any illegal activity involving more than $100,000 in a 12-month period, to wit, between at least approximately April 2019 and May 2021, BAHADORIFAR structured cash deposits totaling at least

approximately $505,822 at a financial institution in individual deposits of less than $10,000 each.

(Title 31, United States Code, Section 5324(a)(3), (d)(2); Title 31, Code of Federal Regulations, Section 1010.311.)

## FORFEITURE ALLEGATION

### (Counts One and Two)

16. As a result of committing the IEEPA and bank and wire fraud offenses alleged in Counts One and Two of this Indictment, NILOUFAR BAHADORIFAR, a/k/a "Nellie," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One and Two of this Indictment, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offenses.

### Substitute Assets Provision

17. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a) cannot be located upon the exercise of due diligence;

    b) has been transferred or sold to, or deposited with, a third person;

    c) has been placed beyond the jurisdiction of the court;

         d)      has been substantially diminished in value; or

         e)      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

## FORFEITURE ALLEGATION

### (Count Three)

18. As a result of committing the money laundering offense alleged in Count Three of this Indictment, NILOUFAR BAHADORIFAR, a/k/a "Nellie," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in the money laundering offense and all property traceable to such property, including but not limited to, a sum of money representing the amount of property that was involved in the money laundering offense or is traceable to such property.

### Substitute Assets Provision

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

9

        a)      cannot be located upon the exercise of due diligence;

        b)      has been transferred or sold to, or deposited with, a third person;

        c)      has been placed beyond the jurisdiction of the court;

        d)      has been substantially diminished in value; or

        e)      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

**FORFEITURE ALLEGATION**

**(Count Four)**

20. As a result of committing the structuring offense alleged in Count Four of this Indictment, NILOUFAR BAHADORIFAR, a/k/a "Nellie," the defendant, shall forfeit to the United States, pursuant to Title 31, United States Code, Section 5317(c) and Title 21, United States Code, Section 853, any and all property, real and personal, involved in the offense and any property traceable thereto, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offense.

**Substitute Assets Provision**

21. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a) cannot be located upon the exercise of due diligence;

   b) has been transferred or sold to, or deposited with, a third person;

   c) has been placed beyond the jurisdiction of the court;

   d) has been substantially diminished in value; or

   e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 31, United States Code, Section 5317(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 982;
Title 21, United States Code, Section 853;
Title 28, United States Code, Section 2461.)

_____
Foreperson

_____
AUDREY STRAUSS
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**NILOUFAR BAHADORIFAR,**
a/k/a "Nellie,"

Defendant.

---

**SEALED
INDICTMENT**

21 Cr. _____

(18 U.S.C. §§ 1349, 1956, & 2;
31 U.S.C. § 5324; 50 U.S.C. § 1705;
31 C.F.R. §§ 1010.311, 560.203,
560.204, & 560.205.)

AUDREY STRAUSS,
United States Attorney.

**A TRUE BILL**

_____
                                    Foreperson.

---