```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
UNITED STATES OF AMERICA                  :
                                          :   CONSENT PRELIMINARY ORDER
            - v. -                        :   OF FORFEITURE/
                                          :   MONEY JUDGMENT
NILOUFAR BAHADORIFAR,                     :
            a/k/a "Nellie"                :   S1 21 Cr. 430 (RA)
                                          :
                    Defendant.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

WHEREAS, on or about July 13, 2021, NILOUFAR BAHADORIFAR, a/k/a "Nellie" (the "Defendant"), among others, was charged in a five-count Superseding Indictment, S1 21 Cr. 430 (RA) (the "Indictment"), with conspiracy to kidnap, in violation of Title 18, United States Code, Section 1201(c) (Count One); conspiracy to violate the International Emergency Economic Powers Act, in violation of Title 50, United States Code, Section 1705, Executive Orders 12959, 13059, & 13224, and Title 31, Code of Federal Regulations, Sections 560.203, 560.204, 560.205, 594.201, 594.204, & 594.205 (Count Two); conspiracy to commit bank and wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Three); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Four); and structuring, in violation of Title 31, United States Code, Section 5324(a)(3) and (d)(2), and Title 31, Code of Federal Regulations, Section 1010.311 (Count Five);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A) and Title 28, United States Code, Section 2461, of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment, including but not limited to a sum of money in United States currency representing the

amount of proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 31, United States Code, Section 5317(c) and Title 21, United States Code, Section 853, of any and all property, real and personal, involved in the offense charged in Count Five of the Indictment, including but not limited to a sum of money in United States currency, representing the property involved in the offense charged in Five of the Indictment;

WHEREAS, on or about December 15, 2022, the Defendant pled guilty to Counts Two and Five of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts Two and Five of the Indictment and agreed to forfeit to the United States, a sum of money equal to $476,100 in United States currency: (i) pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, representing proceeds traceable to the commission of the offense charged in Count Two of the Indictment; and (ii) pursuant to Title 31, United States Code, Section 5317(c), representing property involved in the offense charged in Count Five of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $476,100 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment that the Defendant personally obtained, and property involved in the offense charged in Count Five of the Indictment; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Two of the Indictment that the

Defendant personally obtained, and the property involved in the offense charged in Count Five of the Indictment, cannot be located upon the exercise of due diligence;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Michael D. Lockard, Mathew J.C. Hellman, and Jacob H. Gutwillig, of counsel, and the Defendant and his counsel, Jeffery Lichtman, Esq., that:

1. As a result of the offense Five of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $476,100 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the property involved in the offense charged in Count Five of the Indictment, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant NILOUFAR BAHADORIFAR, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____  12/15/22
MICHAEL D. LOCKARD                      DATE
MATTHEW J.C. HELLMAN
JACOB H. GUTWILLIG
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2193/2278/2215


NILOUFAR BAHADORIFAR

By: _____  12-15-22
NILOUFAR BAHADORIFAR                    DATE

                                        12-15-22
By: _____   DATE
JEFFREY LICHTMAN, ESQ.
Attorney for Defendant
The Law Offices of Jeffrey Lichtman
11 East 44th Street, Suite 501
New York, New York 10017


SO ORDERED:

_____       12-15-22
HONORABLE RONNIE ABRAMS                 DATE
UNITED STATES DISTRICT JUDGE