LAW OFFICES OF
## JEFFREY LICHTMAN
11 EAST 44TH STREET
SUITE 501
NEW YORK, NEW YORK 10017
www.jeffreylichtman.com

JEFFREY LICHTMAN
JEFFREY EINHORN
DAVID GELFAND

PH: (212) 581-1001
FX: (212) 581-4999

April 18, 2023

**BY ECF**
Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re: <u>United States v. Niloufar Bahadorifar</u>, 21 CR 430 (RA)

Dear Judge Abrams:

      I am writing on behalf of defendant Niloufar Bahadorifar and pursuant to Fed. R. Crim. P. 35(a) to respectfully request that the Court correct what may have been an error at her sentencing, wherein the Court sentenced her to 48 months imprisonment and not 46 months, the bottom of her 46-57 month guidelines range.

      To briefly explain, Your Honor indicated during Ms. Bahadorifar's April 7, 2023 sentencing that the Court would have issued the same 48 month term of imprisonment regardless of whether Ms. Bahadorifar's sentencing guidelines were the 46-57 month range contained in her plea agreement and determined by the Court, or the 37-46 month range calculated by Probation. <u>See</u> April 7, 2023 Transcript at T 37 (Court: "based on the facts before me, I would have imposed the same sentence however I ruled on the guidelines issue that we discussed earlier"). Such a statement implied that the sentence would remain the same regardless of the final guidelines range due to the overlapping bottom/top of the two ranges, the range calculated by the parties/Court and Probation for the reasons stated on the record.

      However, should the Court have agreed with Probation's guidelines calculation in this case, 37-46 months, an upward departure would have been required in order to have sentenced Ms. Bahadorifar to *48 months imprisonment* – and yet no basis for an upward departure was articulated during her sentencing.

**JEFFREY LICHTMAN**

Hon. Ronnie Abrams
United States District Judge
April 18, 2023
Page 2

  Accordingly, I respectfully move for a corrected sentence of 46 months imprisonment, the top of the guidelines range calculated by Probation and the bottom of the range fixed by the Court. See Fed. R. Crim. P. 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error"). If this was not an error, we would request the basis for the upward departure that the Court would have required in order to sentence Ms. Bahadorifar to 48 months, with a guidelines range of 37-46 months.

  Thank you for the Court's consideration of this letter; I remain available for a conference should Your Honor deem it necessary.

Respectfully submitted,

Jeffrey Lichtman

Application denied. The Court sentenced Bahadorifar to 48 months' imprisonment after determining that the correct Sentencing Guidelines range was consistent with the 46–57 month range she stipulated to in her plea agreement, see Dkt. 58, Tr., Apr. 7, 2023, at 4–7, and thoroughly analyzing the factors set forth in 18 U.S.C. § 3553(a), see id. at 33–37. Given that the sentence did not "result[] from arithmetical, technical, or other clear error," Fed. R. Crim. P. 35(a), no "correction" is necessary.

The Court declines the Defendant's invitation to elaborate further on the basis for its sentence, which was set forth in detail on the record. Not only was this sentence within the Guidelines range adopted by the Court (and proposed by the parties), but in any event, the Guidelines themselves are, of course, advisory. See United States v. Booker, 543 U.S. 220, 266–68 (2005).

SO ORDERED.

Hon. Ronnie Abrams
United States District Judge
04/18/2023