AO 243 (Rev. 09/17)

# Motion to Vacate, Set Aside, or Correct a Sentence
# By a Person in Federal Custody

## (Motion Under 28 U.S.C. § 2255)

### Instructions

1.  To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2.  You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this motion.

6.  If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7.  In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8.  When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State Zip Code**

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.  **CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name *(under which you were convicted)*: <br> Niloufar Bahadorifar | | Docket or Case No.: <br> 1:21-cr-00430-RA-1 |
| Place of Confinement: <br> Ordered to surrender to FCIN Dublin May 3, 2024 | Prisoner No.: | |
| UNITED STATES OF AMERICA <br><br> V. | Movant *(include name under which convicted)* <br> NILOUFAR BAHADORIFAR | |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   United States District Court
   Southern District of New York
   500 Pearl Street
   New York, N.Y. 10007

   (b) Criminal docket or case number (if you know): 1:21:-cr-00430-RA-1

2. (a) Date of the judgment of conviction (if you know): April 7, 2023

   (b) Date of sentencing: April 7, 2023

3. Length of sentence: 48 months

4. Nature of crime (all counts):
   Count Two-50 USC 1705(a)-Conspiracy to Violate International emergency Economic Powers Act
   Count Three-18 USC 1343,1344-Conspiracy to Commit Bank and Wire Fraud
   Count Four-18 USC 1956(a)(2)(A)-Conspiracy to Commit Money Laundering
   Count Five-31 USC 5324(a)(3), (d)(2)-Structuring

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐      (2) Guilty ✔      (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?
   Count Two-Guilty
   Count Three-Not Guilty
   Count Four-Not Guilty
   Count Five-Guilty

6. If you went to trial, what kind of trial did you have? (Check one)      Jury ☐      Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ☐      No ✔

AO 243 (Rev. 09/17)

8.  Did you appeal from the judgment of conviction?    Yes ✔    No ☐

9.  If you did appeal, answer the following:
    (a) Name of court: United States Court of Appeals, Second Circuit
    (b) Docket or case number (if you know): 23-6381
    (c) Result: Appeal Withdrawn
    (d) Date of result (if you know): 8/3/23
    (e) Citation to the case (if you know):
    (f) Grounds raised:

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ✔
        If "Yes," answer the following:
        (1) Docket or case number (if you know):
        (2) Result:

        (3) Date of result (if you know):
        (4) Citation to the case (if you know):
        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐    No ✔

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

AO 243 (Rev. 09/17)

    (4)  Nature of the proceeding: _____

    (5)  Grounds raised:




    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐     No ☐

    (7)  Result: _____

    (8)  Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:

    (1)  Name of court: _____

    (2)  Docket of case number (if you know): _____

    (3)  Date of filing (if you know): _____

    (4)  Nature of the proceeding: _____

    (5)  Grounds raised:




    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐     No ☐

    (7)  Result: _____

    (8)  Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)  First petition:    Yes ☐    No ☐

    (2)  Second petition:   Yes ☐    No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Ineffective assistance of counsel

 

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See attached Statement of Supporting Facts

 

(b)  **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐      No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:
Appeal withdrawn

 

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐      No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

 

(3)  Did you receive a hearing on your motion, petition, or application?
Yes ☐      No ☐

AO 243 (Rev. 09/17)

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐      No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐      No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** _____

    (a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    (b)  **Direct Appeal of Ground Two:**

        (1)  If you appealed from the judgment of conviction, did you raise this issue?

            Yes ☐      No ☐

.AO 243 (Rev. 09/17)

(2)  If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes [ ]      No [ ]

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes [ ]      No [ ]

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes [ ]      No [ ]

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes [ ]      No [ ]

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** _____

---

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):




 


 


(b)  **Direct Appeal of Ground Three:**

  (1)  If you appealed from the judgment of conviction, did you raise this issue?

    Yes ☐        No ☐

  (2)  If you did not raise this issue in your direct appeal, explain why:



(c)  **Post-Conviction Proceedings:**

  (1)  Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ☐        No ☐

  (2)  If you answer to Question (c)(1) is "Yes," state:

  Type of motion or petition: _____

  Name and location of the court where the motion or petition was filed:



  Docket or case number (if you know): _____

  Date of the court's decision: _____

  Result (attach a copy of the court's opinion or order, if available):



  (3)  Did you receive a hearing on your motion, petition, or application?

    Yes ☐        No ☐

  (4)  Did you appeal from the denial of your motion, petition, or application?

    Yes ☐        No ☐

  (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

    Yes ☐        No ☐

.AO 243 (Rev. 09/17)

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND FOUR:** _____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐      No ☐

    (2)  If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐      No ☐

    (2)  If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:
Yes-Ineffective assistance of counsel
This is the vehicle to raise this issue.
Movant is requesting an evidentiary hearing in order to establish her claims.

.AO 243 (Rev. 09/17)

14.  Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?        Yes ☐        No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)  At the preliminary hearing:

(b)  At the arraignment and plea:
Jeffrey Lichtman and Jeffrey Einhorn, 11 East 44th St, Suite 501, NY, NY 10017 212-581-1001

(c)  At the trial:

(d)  At sentencing:
Same as (b)

(e)  On appeal:
Georgia Hinde, 228 Park Ave South, Suite 33276, NY, NY 10003

(f)  In any post-conviction proceeding:

(g)  On appeal from any ruling against you in a post-conviction proceeding:

16.  Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?        Yes ☐        No ☑

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☐        No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b)  Give the date the other sentence was imposed:

(c)  Give the length of the other sentence:

(d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?        Yes ☐        No ☐

AO 243 (Rev. 09/17)

18.  TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)  the date on which the judgment of conviction became final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:
Withdraw guilty plea and proceed to trial.

Request an evidentiary hearing
or any other relief to which movant may be entitled.

CHRISTIAN R. JENSEN

Signature of Attorney (if any)

2122 N Broadway
Santa Ana, Ca 92706
714.334.9930   crjensen@mac.com

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was ~~placed in the prison mailing system~~ on _April 4 2024_ .
sent via Fedex                                                                    (month, date, year)

Executed (signed) on _April 4, 2024_ (date)

Nilufar Bahadur
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

## STATEMENT OF SUPPORTING FACTS

In July, 2021, Niloufar Bahadorifar (Movant) was charged in a four-count indictment in United States District Court, Southern District of New York. In August, 2021 she retained attorney Jeffrey Lichtman (Lichtman) to defend her against the charges. Throughout the case Lichtman was assisted by his associate, attorney Jeffrey Einhorn (Einhorn).

Movant was a resident of Southern California. Movant made her initial court appearances by way of video conference. She appeared before the court on two occasions: for her guilty plea and for her sentencing. Movant communicated with her attorneys by way of video conference, telephone, text, email and in person.

In May of 2022, Movant travelled to New York to meet with Lichtman and review the evidence. Upon meeting Lichtman at the office, he introduced her to Einhorn. Einhorn then led Movant to an office. He brought in a computer and an assistant sat in the room while Movant reviewed the evidence. While Movant reviewed the evidence, she took notes. She was made aware of the evidence and she strongly disagreed with the conclusions being drawn by the Government. She showed the notes, shared her concerns and expressed her innocence with Einhorn but he did not seem interested.

At the outset, Movant expressed to her attorneys her innocence of the charges. As set forth in the text messages in Exhibit A, she told Lichtman in December, 2021 she did nothing wrong. In August, 2022 Movant texted she was "not part of this situation". In all of the meetings Movant had with both attorneys, she professed her innocence and told them repeatedly she had nothing to do with the charges.

Movant was persuaded by her attorneys to enter a guilty plea. She was terrified of jail time and entered the plea because she was repeatedly assured by her attorneys she could avoid jail if she pled guilty. In early December, 2022 Lichtman emailed the plea agreement to Movant. They discussed the agreement over the phone. Movant did not understand what it meant that she was a level 23. Lichtman never showed her the sentencing table.

However, Movant did understand the plea agreement called for 46-57 months in prison. She expressed her fear of going to jail. She told Lichtman she would not sign the agreement if it meant she would have to go to prison. Lichtman assured Movant she would not go to prison. He told her she would get community service. Lichtman told Movant he had an oral agreement with the Government that she would not go to prison. Based on these representations, Movant signed the plea agreement.

In addition to the verbal assurances, Lichtman repeatedly assured Movant she could avoid jail in their text communications as set forth in Exhibit B. Before the December 15, 2022 plea hearing, Lichtman told Movant on November 14, 2022 "we believe you would avoid prison". On December 4, 2022 Lichtman told Movant she had "a very good chance to avoid jail. Very good chance". On December 10, 2022, Lichtman told Movant she had a "decent chance" to avoid jail.

On January 9, 2023, after Movant entered the guilty plea, Lichtman texted her "I think we can keep you out of jail". In February, 2023 Lichtman texted Movant "I think there's a very good chance you avoid jail". When Movant asked if there was a chance of jail, Lichtman replied "Always has been".

On April 7, 2023 Movant was sentenced to 48 months prison.

When Movant was arrested, property was seized from her. Among the seized property was jewelry. This jewelry was given to Movant as gifts over the years. Some of it she received from her wedding in 1996. Some of the jewelry was given to her when her son Yasha was born in 2002.  Movant repeatedly asked her attorneys about getting the jewelry back. As set forth in Exhibit C, she texted about her jewelry on November 16, 2022. She asked "You think you can get my stuff back?". Lichtman replied "yes eventually". On March 28, 2023 Movant asked about the jewelry hoping for help to secure its return. Lichtman replied "We will get it after sentencing". Hours after the sentencing on April 7, 2023, Movant once again asked for help in getting the jewelry returned. Lichtman replied "I'll try".

Movant signed a Forfeiture Stipulation on the day she entered her guilty plea. Lichtman never explained to her that the agreement allowed the Government to sell the jewelry to satisfy the forfeiture.

# EXHIBIT A



When u going to meet them?

Waiting on them

Ok let me know please

Dec 2, 2021 at 9:05 AM

[illegible address block]

Re:    United States v. Babadorsiar, et al. 21 CR 430 (SDNY)

Dear Judge Abrams:

I am writing on behalf of defendant Niloufar Babadorsihar to respectfully request a modification of the defendant's conditions of release which would permit her to travel from her home in California to Nevada to visit with her sister from December 23 through December 27, 2021. The government, by AUSA Matthew Hellman, takes no position on this request and [illegible] approved by [illegible] hearing

[illegible paragraph] persons without address of record including over [illegible] of travel documents and travel limited to the Central District of California and the Southern District of New York, and location monitoring and a curfew subject to the discretion of Pretrial Services. Since that date, the defendant has remained compliant with her conditions of release.



JEFFREY LICHTMAN

Hon. [illegible]
United States District Judge
December [illegible]



3:48 ⌄

‹      A

Attorney Jeffrey Lichtman (NY) ›

Thank you

Because if they don't let me go i have to cancel hotel and get money back before is too late…

I know. They're so
difficult about you.

Why? I swear I didn't do
anything. They made big
mistake

Lol they're pretty sure
they didn't.

We will see

When u going to meet



3:58

 

Attorney Jeffrey Lichtman (NY) >

> Omg... I understand but i am getting feeling you don't believe me i am not part of this situation and they used me... my family is in danger, my son and i are in danger too... what am I supposed to do?

> You told me there is hope after our meeting what happened?

# EXHIBIT B



Mon, Nov 14 at 8:47 AM

Hi Jeffrey any news?

We're waiting to hear back from them on a plea offer we proposed.

What kind plea offer you gave them

Something low enough that we believe you would avoid prison.

Ok please let me know

I will.

Thank you



iMessage

4:00



I'll call in a few mins

Please

Sun, Dec 4 at 12:18 PM

Hi **Jeffrey** i cant sleep... i feel horrible. Please don't let me go to jail... tell them i am able to do any







4:03

< A

Attorney Jeffrey Lichtman (NY) >

I know. I know.

What do u think going to happen?

I think you have a very good chance to avoid jail. Very good chance.

Thanks God 🙏 🙏

This Thursday we have hearing online right?

We may put it off.

Because of the plea

4:04



A

Attorney Jeffrey Lichtman (NY) ›

Sat, Dec 10 at 8:18 AM

Good morning **Jeffrey**. I feel horrible i can't sleep I can't eat I can't live anymore.... I signed the paper but i have Thousands questions... please help me to get out this mess... help my son please he will be destroyed if i go to jail.... Do u think My situation in



court with plea guilty
goes to news again? I
mean in public?
If is yes can u please stop
it? Because of situation
right now in Iran, iranian



iMessage

4:03

**A**

Attorney Jeffrey Lichtman (NY) >

Then the judge may or
may not give you jail time

But you think i have good chance to avoid a jail

Yes. Decent chance.

Please **Jeffrey** help me... i am dying here... i have son. What should i do with him

We have so many good arguments to keep you out.

Thank you so much ....

Mon, Dec 5 at 10:48 AM

52 weeks of fun and laughter, 365 days of success 8,760 hours of good health, 525,600 minutes of blessings, & 31,536,000 seconds of Joy. Have a blessed prosperous **new year 2023.**

Mon, Jan 9 at 8:52 AM



4:06

122

A

< Attorney Jeffrey Lichtman (NY) >

Thank you so much 🙏🙏



Hi **Jeffrey** , on 1/10 i have an interview with someone from judge. Can u please be with me in the zoom? What kind a interview is it? I am very scared... do u think judge void jail time?

Yes we will be there

Just very basic material. It's not the judge.



Attorney Jeffrey Lichtman (NY) ›

Can you send that to us

They put it in elevator

And any others

Please help me I can't
take it anymore

Email them all over

Ok

Emailed

The only person keep me calm and give me hope right now is you... please tell me what they going to do to me???

iMessage



4:07

 

Attorney Jeffrey Lichtman (NY) ›

I think we can keep you out of jail

Tomorrow is easy.

Thank you 🙏

Mon, Feb 6 at 4:34 PM

Call me when you can

Tue, Feb 14 at 9:18 AM



HAPPY



honestly can u save me ?

4:08

133

Attorney Jeffrey Lichtman (NY)

It's just probation and it's their recommendation. They don't understand that you weren't involved in the kidnapping attempt and they don't

What do u think to happen?

Please be honest

I am scared to death

I think there's a very good chance you avoid jail.

Promise me Jeffery you save me and take me out

  iMessage 

      

4:08

< 134  A

Attorney Jeffrey Lichtman (NY)

Promise me Jeffery you save me and take me out of this nightmare

Please

I'm going to do my best

Means there is chance to send me into jail

Always has been

Can we talk tomorrow

# EXHIBIT C

Hi Jeffrey do we have a hearing on 17 ?

We're waiting to see if we do. Should know today

Ok

Wed, Nov 16 at 8:47 AM

Our appearance is now December 8.

Thank you

Please try to finish before holidays. At least they open my ankle monitor



PLEASE 🙏 🙏 🙏

iMessage

4:01                                    Ringer

Attorney Jeffrey Lichtman (NY) >

Thank you

You think you can get my stuff back?

Yes eventually

They don't give numbers. Just tell the judge what you did for them.

Tue, Mar 28 at 9:40 AM

Hi Jeffrey, how are you? Just wandering Can you take back my jewelry ? This is the only thing left for me from my mother, father and grand parents. Its belong years ago





4:09

**140**

Ⓐ

Attorney Jeffrey Lichtman (NY) ›

more then +20 years ago for my marriage and when yasha born they give it to me... According to our custom, I have to give to Yasha... in fact its not mine it's belong to him. it has spiritual and sentimental value for me. Is there any way you can help me to get it back?

We will get it after

sentencing

Thank you sooooo much
🙏🙏🙏🙏🖤

Tue, Apr 4 at 9:14 AM



4:09

< 141    Ⓐ    ◁

Attorney Jeffrey Lichtman (NY) >

Tue, Apr 4 at 9:14 AM

Hi **Jeffrey**, i am stressed



yasha PLEASE

iMessage

4:10

143

< Attorney Jeffrey Lichtman (NY) >

Fri, Apr 7 at 12:38 PM

Can u lease call me explain what is appeal paper???

Fri, Apr 7 at 2:26 PM

Fri, Apr 7 at 2:20 PM

At least try to get my stuff back

I'll try

Specially my jewelry

Sat, Apr 8 at 4:57 AM

I think the judge may have made a two month mistake



1
2                        MEMORANDUM OF LAW AND ARGUMENT
3                              IN SUPPORT OF 2255 WRIT
4
5          Movant asserts she was deprived effective assistance of counsel in the trial court
6   proceedings. Specifically, Movant contends her attorneys induced her to plead guilty by
7   way of the false promises of: 1) No jail time and 2) Return of her jewelry. Movant relied
8   upon these promises and that is why she entered a guilty plea. If she had known she was
9   facing years in prison and that she would lose the jewelry that had been in her family for
10  many years, she would not have pled guilty and instead, she would have proceeded to trial.
11         In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-
12  prong test to evaluate an ineffective assistance of counsel claim. First, the court must
13  determine whether counsel's representation "fell below an objective standard of
14  reasonableness." 466 U.S. at 688. Second, the court is to determine whether "there is a
15  reasonable probability that, but for counsel's unprofessional errors, the result of the
16  proceeding would be different." 466 U.S. at 694.
17         In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court applied *Strickland's* two-
18  prong test to ineffective assistance of counsel claims. The first part of the test is simple
19  attorney competence within the field. 474 U.S. at 58. The second requirement "focuses on
20  whether counsel's constitutionally ineffective performance affected the outcome of the plea
21  process. ...the defendant must show that there is a reasonable probability that, but for
22  counsel's errors, he would not have pleaded guilty and would have insisted on going to
23  trial." 474 U.S. at 58.
24         In the present case, Movant asserts Lichtman's repeated assurances she would serve
25  no jail time fall below the standard of an attorney in this situation. It is inconceivable that a
26  defendant in a matter where the Government is asking for 46-57 months would serve no jail
27  time. The Guideline level 23 (which was never explained to Movant) places Movant in Zone
28

                                            - 1 -

D. According to Federal Sentencing Guideline Section 5C1.1(f), anyone in Zone D must go to prison.

In addition, Lichtman repeatedly told Movant he would be able to secure the return of her jewelry. Yet Lichtman should have been fully aware the Forfeiture Stipulation Movant signed (without any explanation) allows the Government to sell the seized jewelry to satisfy the forfeiture amount. This error clearly falls below the standard of an attorney in this situation.

The second prong of the test is satisfied by Movant's statements both in her texts and in the Statement of Supporting Facts. In the texts, Movant repeatedly tells Lichtman she is fearful of a jail sentence. On multiple occasions, she asks for reassurances she will not do custody time. And each time, Lichtman assures her she will not. In addition, the texts reveal how important the jewelry was to her. Even after she was sentenced, Movant wanted assurance Lichtman would be able to retrieve the jewelry. The Statement of Supporting Facts make it clear that Movant relied on Lichtman's misrepresentations. Movant makes it clear she would not have pled guilty had those misrepresentations not been made.

The case of *Iaea v. Sunn*, 800 F.2d 861 (9th Cir. 1986), is instructive. Appellant was charge with numerous felonies in Hawaii state court. His charges subjected him to Hawaii's minimum sentencing law. The opinion lays out the pertinent facts:

"Iaea was reluctant to plead guilty. To convince him to accept the plea bargain, defense counsel told him that she thought his chances of acquittal if he went to trial were slight and that if he was convicted, he would be subject to Hawaii's minimum sentencing law. Although she never guaranteed that he would receive probation, she told him, his wife and his brother on several occasions that there was a good chance of his getting probation if he accepted the plea bargain. Defense counsel also told Iaea that the chance of his getting an extended sentence was "almost zero" and that he "could almost not consider it," but informed him that sentencing was in the discretion of the judge." 800 F.2d at 863.

Iaea entered a guilty plea and was thereafter sentenced to life in prison. After exhausting state court remedies, he filed a writ pursuant to Section 2255.

- 2 -

1           The Court of Appeal, citing both *Strickland* and *Hill*, found that the

2    representations of counsel, along with other facts, warranted remanding the matter for an

3    evidentiary hearing to determine "facts relevant to the voluntariness of the plea." 800 U.S. at

4    868. The court found the first prong of the *Strickland* test had been satisfied. It remanded

5    for a hearing to determine whether there was reasonable probability Iaea would not have

6    pled guilty absent his counsel's advice. 800 U.S. at 865.

7           Just as in *Iaea*, Movant was persuaded to plead guilty due to the

8    representations of her attorney that she would do little, if any jail time. It is clear

9    Lichtman's conduct in the case at bar was deficient enough to satisfy the first prong of the

10   *Strickland* test. It is the request of the Movant to set this matter for a hearing in order to

11   determine all relevant facts that went into Movant's decision to enter the guilty plea she

12   now wishes to withdraw.

13

14   Conclusion

15          Counsel understands it is easy to make blanket statements in a Statement of

16   Supporting Facts that, but for Lichtman's misrepresentations, Movant would not have

17   entered a guilty plea. That is why the attached text messages lend credence to these serious

18   accusations. However, the only way to determine the veracity of Movant's claims and to

19   determine her mindset at the time of the plea is through an evidentiary hearing on this

20   matter.

21          That is our request.

22

23                             Respectfully submitted,

24

25   Dated: April 4, 2023

26                             CHRISTIAN R. JENSEN

27                             Attorney for Niloufar Bahadorifar

28

Attorney contact information:

    Christian R. Jensen

    2122 N. Broadway

    Santa Ana, Ca. 92706

    crjensen@mac.com

    714-334-7930